UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CYNTHIA BARNES, )
)
   Plaintiff, )
)
v. ) Case No. CV411-037
)
GULFSTREAM AEROSPACE )
CORP., )
)
   Defendant. )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and invoking Title VII,[1] Cynthia Barnes brought this employment-discrimination case against Gulfstream Aerospace Corp. Doc. 1. Invoking its pre-employment agreement with her, Gulfstream moves to compel arbitration, dismiss her case, and recover sanctions from her. Doc. 9. It says that she reneged on her promise to arbitrate her claims, so this lawsuit must be dismissed and she should pay it $1,497.44 in costs under Fed. R. Civ. P. 11. *Id.* at 2, 4-5. Gulfstream reminded her

---

[1] "Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)." *Bryant v. Dougherty County Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010). Barnes alleged that Gulfstream discriminated against her based on her race and religion. Doc. 1 at 7, 10.

of all this by its post-Complaint letter, where it warned her that it would seek attorney fees. Doc. 9-4. The agreement,[2] Gulfstream contends, is enforceable under 9 U.S.C. § 2[3] and it was enforced in *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359 (11th Cir. 2005); doc. 9 at 3; doc. 20 at 2. Defendant furnished Barnes with a copy of *Caley* and granted her the

---

[2] When Barnes applied for her job at Gulfstream she agreed that she was applying only for *at will* employment and that any independent right to sue based on discrimination could only be resolved through arbitration, not litigation. Doc. 9-3. She acknowledged receipt of the arbitration agreement at the inception of her employment. Doc. 9-2; *see also* doc. 9-1 (the agreement) at 2 ¶ 2; *id.* at 3. She does not dispute any of this, nor otherwise muster any non-frivolous argument invalidating the agreement's application to her.

[3]   "This provision establishes a liberal federal policy favoring arbitration agreements. It requires courts to enforce agreements to arbitrate according to their terms." *CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665, 669 (2012) (quotes and cites omitted). Note that the enforceability of arbitration agreements has been challenged in the past. *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998) ("[w]hen an arbitration clause has provisions that defeat the remedial purpose of the statute ... the arbitration clause is not enforceable" and language insulating employer from damages and equitable relief rendered clause unenforceable).

But the Eleventh Circuit has since doubted *Paladino*'s vitality, *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003), has already passed on the agreement here, and Barnes has not shown any cause to disregard *Caley*. *See also Dittenhafer v. Citigroup*, 2012 WL 210622 at * 1 (9th Cir. Jan. 25, 2012) (affirming district court's order compelling arbitration of Title VII and ADA case "because the arbitration policy in defendant's employee handbook covered [plaintiff's] statutory employment discrimination claims and was not substantively unconscionable."). Arbitration rights have been accorded more, not less, respect in recent cases. *See AT& T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1215-16 (11th Cir. 2011) (strictly applied *AT&T* to hold that class action waiver contained in parties' wireless phone agreement was enforceable despite state's unfair and deceptive trade practices act).

additional time she requested to research her rights. Doc. 9 at 4; doc. 9-5. Nevertheless, she has still failed to comply. *Id.* at 2-3.

Much of Barnes' response beckons Rule 11 sanctions, as it includes patently frivolous arguments like she was "not aware that her signature on [Gulfstream's] employment application created a binding contract." Doc. 10 at 2. Ironically, however, she raises a valid, Rule 11 *procedural* objection -- that Gulfstream failed to comply with Rule 11(c)(2). Doc. 10 at 3-4. "A motion for sanctions *must* be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). Gulfstream filed only this: "Motion To Compel Arbitration And Dismiss Action *And* Motion For Sanctions Under Rule 11." Doc. 9 (emphasis added). It thus conjoined, rather than separately filed, its Rule 11 motion with its dismissal motion. *See also* doc. 9-4 (its post-Complaint letter to Barnes does not mention Rule 11).

Not only is the separate motion requirement unambiguously demanded by Rule 11(c)(2), but also by the case law. *See Manna Ministry*, 2012 WL 195522 at * 4 (D.S.D. Jan. 23, 2012) (denying Rule 11

3

sanction in part because "Manna Ministry did not separately move for sanctions, but combined its motion with its motion for summary remand, request for judicial notice, and motion for costs and attorneys' fees pursuant to § 1447(c)."); *Boyce v. Interbake Foods*, 2012 WL 112295 at * 3 (D.S.D. Jan. 12, 2012) (denying Rule 11 sanction in part because "Interbake did not separately move for sanctions. Instead, it combined its motion for sanctions with its motion for attorney's fees, which violates Rule 11."); *McQuatters v. Town of Irmo Corp.*, 2012 WL 10662 at * 2 (D.S.C. Jan. 3, 2012); *Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655 at * 2 n. 2 (E.D. Mo. Dec. 8, 2011); *Williams v. County of Oakland*, 2011 WL 6009268 at * 6 (E.D. Mich. Nov. 30, 2011).   Even after Barnes pointed out Gulfstream's procedural misstep, doc. 10 at 3-4, it failed to cure it.  Doc. 20.

Accordingly, defendant Gulfstream Aerospace Corp.'s Motion to Dismiss should be **GRANTED**, but its request for Rule 11 sanctions should be **DENIED**. Doc. 9.  Its request for "an order compelling Barnes to arbitrate her claims" (doc. 20 at 2) also must be **DENIED**.  All the contract says is that if Barnes wants to pursue her discrimination

4

claims then she must invoke Gulfstream's arbitration procedure. She thus must decide whether to press her claims, in arbitration, or not. Judicial compulsion is thus not warranted. And Gulfstream is free to invoke Rule 11 (or its state counterpart) again should Barnes re-file here or elsewhere. A re-litigation injunction may also be an option. *See Britton v. Church of Scientology Flag Serv. Org., Inc.* 645 F.3d 1267, 1272-73 (11th Cir. 2011).

**SO REPORTED AND RECOMMENDED** this  13th  day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA